```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

UNITED STATES OF AMERICA,       :
                                :    NO. 1:06-CR-00132
                                :
    v.                          :
                                :    **OPINION AND ORDER**
                                :
JOHN M. HARRIS, II              :
                                :
                                :

This matter is before the Court on Defendant's Motion to Suppress (doc. 28), and the government's Response (doc. 31). The Court held a hearing on this motion on October 10, 2007. For the reasons stated herein, the Court DENIES Defendant's motion.

**I. Background**

The relevant facts, as represented by the parties in their briefs and presented as evidence at the hearing in this matter, are as follows. On November 7, 2006, law enforcement officers were engaged in surveillance of Defendant, based on information that Defendant was printing counterfeit Federal Reserve notes (doc. 31). Officers observed Defendant and another man drive to Wal-Mart in Wilmington, Ohio, and purchase items commonly used to manufacture counterfeit currency (Id.). The men then took these items to Room 204 at the Wilmington Inn, a room Officers later discovered was leased and paid for by a woman named Lisa Shelton (Id.).

Around 12:40 a.m., after observing what appeared to be a

drug transaction and other foot-traffic around the hotel room, Officers approached Room 204 and knocked.  Eventually, a man opened the door, allowing Officers to observe in plain view stacks of uncut paper currency and Defendant sitting at a table with a printer in front of him (Id).  Officers then asked for permission to enter the room, but were denied by Defendant (Id.).  Officers then advised Defendant that they were coming inside to secure the evidence and placed Defendant in investigative custody (Id.).  The man who opened the door was found to have a crack pipe and crack cocaine in his hand.  After Defendant was advised of his Miranda rights, he gave verbal consent to search the hotel room.  In their search of the room, Officers found items consistent with counterfeiting currency, a pile of crack cocaine, but no luggage or personal effects belonging to Defendant (Id.).

On November 15, 2006, a jury indicted Defendant for falsely making counterfeit Federal Reserve Notes with the intent to defraud, in violation of 18 U.S.C. § 471 (doc. 8).  Defendant is now moving to suppress the evidence seized incident to the search of the hotel room (doc. 28).

**II. Discussion**

Defendant argues that the search of the hotel room, in which he was a guest, was conducted without a warrant and without any recognized exception to the warrant requirement (Id.) Defendant contends that no consent was given to the search (Id.,

citing, among others, Mincey v. Arizona, 434 U.S. 1423 (1977)).

In response, the government argues that Defendant's Fourth Amendment rights were not violated by the search because Defendant had no reasonable expectation of privacy in the hotel room (doc. 31). Further, the government avers that because evidence of items typically used in counterfeiting were plainly viewed by Officers when the door to Room 204 was opened, the Officers were justified in entering the room to secure the evidence. Once inside the room, the government contends that Defendant gave verbal consent to a search of the room (Id.).

Having reviewed this motion, the Court finds the government's position well-taken. The Court agrees that Defendant has not demonstrated that he had a reasonable expectation of privacy. "The [Fourth] Amendment protects persons against unreasonable searches of 'their persons [and] houses' and thus indicates that the Fourth Amendment is a personal right that must be invoked by an individual...[b]ut the extent to which the Fourth Amendment protects people may depend upon where those people are." Minnesota v. Carter, 525 U.S. 83, 88 (1998). It is well settled that "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Id.

In Carter, the Supreme Court considered how an individual

could establish an expectation of privacy in another's home. Id. The defendants in Carter were in the home of another, solely for the purpose of packaging cocaine. Id. The Supreme Court considered an overnight guest to be one typifying "those who may claim the protection of the Fourth Amendment in the home of another, and one merely 'legitimately on the premises' as typifying those who may not do so." Id. at 92. The Court held that unlike one who is an overnight guest, a person in the home of another strictly for business purposes, there for a short period of time, with no personal connection to the householder was more like one merely "legitimately on the premises" and therefore, had no reasonable expectation of privacy. Id. at 93.

Similarly, when determining whether an individual has a reasonable expectation of privacy in a hotel room, courts have found several factors mitigate against such a finding, including if the individual did not pay or register the room in his name, if the individual was not an overnight guest in the room, and if the individual was in the hotel room for a purely commercial purpose. See United States v. Gordon, 168 F.3d 1222, 1226 (10th Cir. 1999); United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000); United States v. Sturgis, 238 F.3d 956, 958-959 (8th Cir. 2001). Here, Defendant neither registered nor paid for the hotel room, there is no evidence that he planned to stay as an overnight guest in the room, and he appeared to be in the hotel solely for a

business purpose (doc. 31).  Therefore, given the above cited precedent, the Court finds Defendant has not established that he had a legitimate expectation of privacy in Room 204 at the time of the search.

Because the Court concludes that Defendant had no legitimate expectation of privacy in the hotel room, the Court need not decide whether the Officers' search violated Defendant's Fourth Amendment rights.

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress (doc. 28).

SO ORDERED.


Dated: October 17, 2007        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge